```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SOFIA MORETTI, et al., | CIVIL ACTION NO. 06-2757 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. |  |
| SIMON PROPERTY GROUP, INC., et al., |  |
| Defendants. |  |

**THE COURT** ordering the removing defendant, J.C. Penney Corporation, Inc. ("JCP"), to show cause why the action should not be remanded for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 2); and JCP removing this action, which was brought (1) in New Jersey state court on May 10, 2006, (2) to recover damages for personal injuries, and (3) against the defendants, Simon Property Group, Inc. ("SPI"), Simon Property Group, L.P. ("SPLP"), and JCP; and JCP (1) asserting jurisdiction under Section 1332 (Rmv. Not., at 3), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that (1) the plaintiffs are citizens of New Jersey, (2) SPI is an Indiana citizen, and (3) JCP is a citizen of Delaware and Texas (Rmv. Not., at 2-3); but JCP alleging — without more — that SPLP "is a business entity that is organized under the laws of . . . Indiana and having its principal place of

business in . . . Indiana" (id. at 3); and it appearing that SPLP is a limited partnership; and the Court advising JCP that the jurisdictional allegation as to SPLP is insufficient, as limited partnerships are deemed citizens of each state in which their partners — general and limited — are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990), HB Gen. Corp. v. Manchester Partners, 95 F.3d 1185, 1190 (3d Cir. 1996); and it appearing that if a partner is itself an unincorporated association, then the ownership layers of that partner must be analyzed also, Belleville Catering Co. v. Champaign Mkt. Place, 350 F.3d 691, 693 (7th Cir. 2003), Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003); and

**THE COURT** being concerned that SPLP will (1) be deemed a citizen of, among other states, New Jersey, and (2) not be a "citizen[] of [a] different State[]" in relation to each plaintiff, 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and thus JCP being advised that the Court intended to remand the action for lack of jurisdiction unless JCP (1) provided a list specifically naming each of the partners —

general and limited — in SPLP, and properly alleged the citizenship of each partner, as of May 10, 2006, and (2) demonstrated complete diversity of citizenship; and

**JCP BEING ADVISED** that allegations as to where the partners reside, are domiciled, are licensed, or have a place of business — as opposed to are citizens — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship," Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982), see Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and JCP being advised that a response that is upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey"), or a request for time to discern jurisdiction, will result in the action's remand, see Lewis v. Consol. Freightways Corp., No. 04-6102, 2005 WL 503317, at *1 (E.D. Pa. Feb. 28, 2005) (stating citizenship allegation that is upon information and belief is insufficient), Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating upon-information-and-belief citizenship allegation "does not convince the Court that there is diversity among the parties"); and it appearing that when a removing party is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity," CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and

**JCP SUBMITTING** a response to the Court's inquiry (see Litke Cert., received 7-18-06); and JCP failing to electronically file that response, even though the Court directed JCP to do so (6-21-06 Order to Show Cause, at 5 n.1); and JCP stating again — without more — that SPLP "is a business entity that is organized under the laws of . . . Indiana and having its principal place of business in . . . Indiana" (Litke Cert., at 3); and JCP still failing to allege SPLP's citizenship "affirmatively and distinctly," as is required to avoid remand for lack of jurisdiction, S. Freedman & Co. v. Raab, No. 05-1138, 2006 WL 1275922, at *4 (3d Cir. May 10, 2006) (quotes and cites omitted); and thus the Court intending to (1) grant the order to show cause, and (2) remand the action for failure to demonstrate jurisdiction under Section 1332; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                       s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge